CYRUS MOOR *versus* SHEPARD CARY.

An agreement to allow secondary evidence in regard to the contents of a paper alleged to be lost, cannot be construed as an agreement to dispense with proof of its execution.

There being no proof of the genuineness of the signature to an original paper, a copy of it, proved to be a correct one, is not legally admissible in evidence.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

This was an action of assumpsit on account annexed and for money had and received. The general issue and the statute of limitations were pleaded. A part of the testimony introduced by the plaintiff was the deposition of William R. Smith, touching the contents of a certain paper alleged to have been lost. The defendant waived, by agreement, any objection to the introduction of testimony in regard to its

contents, arising from lack of proof of its loss. Smith testi-
fied that he had compared the paper attached to his depo-
sition, marked A, with the original, and that it was a correct
copy, and that he was acquainted with the handwriting of the
defendant, by whom it was alleged to have been signed. He
did not, however, state that the signature was genuine. The
defendant objected to the admission in evidence of the paper
A, but the Court admitted it. To this ruling and others the
defendant excepted.

*Blake,* for plaintiff.

*Kent,* for defendant, contended : —

That the due *execution* of the paper marked A, annexed to
Smith's deposition, was not proved. The witness says, that
he was acquainted with the handwriting of Cary. But he
does not say that the signature on the paper was in his hand-
writing.

Where secondary evidence is resorted to for proof of an
instrument which is lost, it must, in general, be proved to
have been *executed. Kimball* v. *Morrell,* 4 Greenl. 368; 1
Greenl. Ev. § 558; 16 Johns. 196, and cases cited in Greenl.
Ev. as above.

TENNEY, J.—By the agreement entered into by the attor-
neys of the parties at the April term, 1854, of the Court, not
only was it admitted, that George W. Stanley would testify
that he made a thorough search among his papers for the writ-
ten agreement marked "A," and did not find it; but it is ex-
pressed to be the intention of the parties, that William R.
Smith's deposition should be received without legal objection
founded upon any want of proof of the loss of the original
paper referred to. It was evidently the design, that there
should be no objection to the introduction of the proper sec-
ondary evidence of the contents of the paper, on account
of any further proof of its loss, but other objections to its
introduction were not waived. The deposition of Smith, not
including the copy of the paper marked "A," was properly
admitted.

The deposition shows, that Smith compared the copy, which is marked " A," with the original, and found it to be correct, and that he is acquainted with the handwriting of the defendant. But it contains no statement whatever, that the name of " Shepard Cary" upon the original is in his opinion genuine. The agreement provides, that the plaintiff may proceed in the trial, just as if Stanley was a witness and testified to his unsuccessful thorough search for the agreement among his papers. This certainly is not a consent to waive the requirement of proof of the execution of that paper.

The loss of a paper, purporting to be signed by a party to a suit, and the allowance of secondary evidence of its contents, do not dispense with the proof of the execution. If this could be done, the loss of a paper, the execution of which is denied, might be of great benefit to the party wishing to introduce evidence of its contents, by taking away an important branch of the defence, and possibly the only defence designed to be set up. This cannot be admitted, and the authorities forbid it. There being no other proof of the genuineness of the name of the defendant, which appeared upon the original, than that contained in Smith's deposition, the copy was improperly allowed in evidence.

The agreement touching the paper purporting to be the receipt of the defendant in the treasurer's office, is that the signature is admitted to be genuine, and that the papers produced at the former trial from the treasury and state departments, shall be admitted as legal proof of the facts which they set forth. And the case finds, that the certificate of Samuel Cony, treasurer, was the same referred to, in the agreement aforesaid, read to the Court. The treasurer's certificate contains a copy of the receipt, the signature of which is admitted, as a part thereof, and this copy was properly introduced as evidence. *Exceptions sustained, verdict set aside,*

*and new trial granted.*

Rice, J., concurred.